**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD BURKE PAIGE,                                                                      PETITIONER
ADC #84476

v.                                           5:14CV00033-KGB-JJV

RAY HOBBS, Director                                                                       RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   BACKGROUND

On January 26, 2012, Petitioner, Richard Burke Paige, entered a negotiated plea of nolo contendere to battery in the first degree and was sentenced as a habitual offender to 132 months' imprisonment in the Arkansas Department of Correction. (Doc. No. 9.) Imposition of an additional sentence of 72 months was suspended. Under the terms of the plea agreement, a charge pending against the appellant for aggravated residential burglary was not prosecuted. *See Paige v. State,* 2013 Ark. 432.

Mr. Paige timely filed a verified pro se Rule 37 petition in Franklin County Circuit Court alleging that he had been misadvised by his trial lawyer about his eligibility for parole, the trial court had failed to comply with Arkansas Rule of Criminal Procedure 24.4 when it accepted his guilty plea, and that his plea was not intelligently and voluntarily entered. (Doc. No. 2.) The trial court held an evidentiary hearing on the petition, and it was subsequently denied. (*Id.*) Mr. Paige appealed that decision and reasserted on appeal the grounds dismissed by the trial court in his Rule 37 petition. On October 31, 2013, the Arkansas Supreme Court affirmed the circuit court's denial of Rule 37 relief.

Mr. Paige filed the instant federal habeas Petition under 28 U.S.C. § 2254 on February 3,

2014 (Doc. No. 2). In his Petition, Mr. Paige raises essentially the same claims in his Rule 37 petition. Those claims are that 1) he had ineffective assistance of counsel causing him to be convicted on the basis of his guilty plea; 2) the circuit court violated Arkansas Rule of Criminal Procedure 24.4 when it accepted his guilty plea and thus his due process was violated; and 3) his guilty plea was not knowingly and voluntarily entered because the trial court did not inform him that he would not be eligible for parole. (Doc. No. 2 at 4-7.) For the following reasons, the Court concludes Mr. Paige's Petition (Doc. No. 2) should be DISMISSED.

## II.   ANALYSIS

Respondent argues that the Petition is procedurally defaulted. (Doc. No. 9 at 2-4.) The Court agrees. Mr. Paige's claim that the circuit court violated Arkansas Rule of Criminal Procedure 24.4 is not a matter for this Court to decide. A federal court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *See Clemons v. Luebbers,* 381 F.3d 744, 750 (8th Cir. 2004).

"It is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *See Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 15-16 (2010) (*per curiam).* Such is not the case here. The Arkansas Supreme Court found that the trial court did not commit error under Rule 24.4 of the Arkansas Rules of Criminal Procedure. As the Respondent correctly addresses in their Response, even assuming that the Supreme Court came to a different conclusion, a state court's error in interpreting state law does not give rise to a constitutional claim justifying habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *see also Anderson v. Goeke,* 44 F.3d 675, 681 (8th Cir. 1995).

Mr. Paige's two remaining claims were properly adjudicated by the Arkansas Supreme Court

3

in its October 2013 opinion affirming the circuit court's denial of his Rule 37 petition. *See Paige*, 2013 Ark. 432.

In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

4

Mr. Paige's claims that his trial counsel was ineffective – for not informing him about parole eligibility before he entered his guilty plea and that his plea was unknowingly entered because he was not informed by the trial court of the "sentencing consequences" of his guilty plea – were both presented to the Arkansas Supreme Court in his appeal. The State's highest court correctly held that "there is no constitutional requirement for defense counsel to inform his client about parole eligibility and that failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases." *Paige,* 2013 Ark. 432 at 5. *See also Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (Constitution does not require the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary).[1]

Further, when addressing Mr. Paige's ineffective assistance of counsel claim, the Arkansas Supreme Court correctly followed the standard set forth in the United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668 (1984). The Arkansas Supreme Court stated that, quoting *Strickland* at 686, "the benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Paige,* 2013 Ark. 432 at 3.

Because Mr. Paige entered a guilty plea, the only way for him to demonstrate prejudice in support of his ineffective assistance of counsel claim is to show that there was a reasonable probability that, but for counsel's alleged error, he would not have pled guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 56. Mr. Paige's own testimony acknowledges that he even if he were well aware that he would have to serve his entire sentence and would not be eligible for parole, he still would not have proceeded to trial. (Doc. No. 9 at 4.)

---

[1]The holding in *Hill* also disposes of Mr. Paige's claim that the trial judge failed to inform him of parole eligibility before he pled guilty.

5

Having carefully reviewed the record and the applicable law, the Court concludes that the rejection of Mr. Paige's ineffective assistance of counsel claim by the Arkansas Supreme Court did not involve an unreasonable application of the *Strickland* test, and was not based on an unreasonable determination of the facts in light of the evidence as set forth in 28 U.S.C. § 2254(d).

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review, the Court concludes that Mr. Paige fails to show any cause and prejudice, and does not allege actual innocence. Thus, his Petition is procedurally barred and should be dismissed with prejudice.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 16th day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE